**LUCAS COUNTY COMMON PLEAS COURT**
**CASE DESIGNATION**

TO:   **Bernie Quilter, Clerk of Courts**

G-4801-CI-0202003664-000
Judge
**GARY G. COOK**

**CASE NO.**

**JUDGE**___

**The following type of case is being filed:**
**Professional Malpractice**
☐   Legal Malpractice (L)
☐   Medical Malpractice (M)
☑ **Product Liability (B)** Per Atty
☑ **Other Tort (C)**

By submitting the complaint, with the
signature of the Attorney, the Attorney
affirms that the name of person with
settlement authority and his/her direct
phone number will be provided upon
request to a party or counsel in this matter

☐   **Workers' Compensation**
      State Funded (D)
      Self Insured (K)

☐   **Administrative Appeal (F)**

☐   **Commercial Docket**

**Other Civil**
☐ Consumer Fraud (N)   ☐ Forfeiture
☐ Appropriation (P)      ☐ Court Ordered
☐ Other Civil (H)        ☐ Certificate of Title
☐ Copyright Infringement (W)

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to
Judge _____, the original Judge at the time of dismissal.  The
previously filed case number was CI_____.

This case is a civil forfeiture case with a criminal case currently pending.  The pending case number
is_____, assigned to Judge _____

This case is a Declaratory Judgment case with a personal injury or related case currently pending.
The pending case number is_____, assigned to Judge _____

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or
related case.  This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review
with the Judge who has the companion or related case with the lowest case number.  The Judge who would
receive the consolidated case may accept or deny consolidation of the case.  Both Judges will sign this
designation sheet to indicate the action taken.  If the Judge with the lowest case number agrees to accept, the
reassignment of the case by the Administration Judge shall be processed.  If there is a disagreement between the
Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number_____  Assigned Judge_____

_____   _____
Approve/Deny            Date      Approve/Deny            Date

**Attorney**      Linda Mansour
**Address**       2909 W Central Ave
                  Toledo Ohio
**Telephone**     *419-283-8281 2orking remotely

**EXHIBIT**

**B**

EFILED LUCAS COUNTY
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
12/03/2020 09:09 PM
efile id 62946



## IN THE COURT OF COMMON PLEAS, LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| CLAUDIA Y. VERCELLOTTI<br>2045 Berkshire<br>Toledo, Ohio  43609-43613 | * | Case No.:  __   **G-4801-CI-0202003664-000**<br>**Judge** |
| | * | **GARY G. COOK** |
| Plaintiff, | * | JUDGE____ |
| vs. | * | **COMPLAINT WITH JURY DEMAND** |
| LIFEWORKS TECHNOLOGIS<br>530 7th Aveneue, 21st Floor<br>New York, New Yor    10018 | * | Linda N. Mansour (0033929)<br>2909 West Central Avenue, Suite 200 |
| | * | Toledo, Ohio  43606<br>(419) 535-7100 |
| Defendant. | * | FAX:  (419) 535-8739<br>Attorney for Plaintiff. |
| | * | |
| | * | |

ENERGIZER AUTO INC.
CT Corporation System-statutory agent
4400 Easton Commons Way , Ste 125
Columbus, Ohio 43219

and

ENERGIZER HOLDINGS INC.
CT Corporation System-statutory agent
120 South Central Avenue
Clayton , Missouri 63105

EFILED LUCAS COUNTY
12/03/2020 09:09 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 62946

MEIJERS INC
7240 W. Central Ave.
Toledo, Ohio 43617

and


MEIJER INC.
7240 W. Central Ave.
Toledo, Ohio 43617

and

MEIJER STORES,
Michigan Ltd. Partnership
CT Corporation System
1300 East 9th Street
Cleveland,Ohio 44114

and

MEIJER Group Inc.,
CT Corporation System-statutory agen
1300 East 9th Street
Cleveland, Ohio 44114

and

MEIJER Distributions Inc.
CT Corporation System-statutory agen
1300 East 9th Street
Cleveland, Ohio 44114

John Doe 1-20
Names and addresses unknown


*       *       *

Now comes the Plaintiff, Claudia Vercellotti by and through counsel, who for her

complaint states and sets forth the following averments against Defendant(s) to-wit:

PARTIES/VENUE/JURISIDICTION

1.Plaintiff, Claudia Vercellotti was at all times relevant hereto, a resident of Toledo, Lucas County.

2. Defendant, LIFEWORKS TECHNOLOGY GROUP LLC. ("Lifeworks") at all times relevant hereto, is a for-profit corporation incorporated and licensed in the State of New York and headquartered in and principal place of business in the state of New York

3.Defendant, LIFEWORKS TECHNOLOGY GROUP LLC. ("Lifeworks") has at all times relevant hereto, transacted business in the State of Ohio.

4. Defendant, ENERGIZER HOLDINGS INC. (Energizer) at all times relevant hereto, is a Missouri corporation having a place of business at 533 Maryville University Drive, St. Louis, Missouri 63141.

5. Defendant, ENERGIZER HOLDINGS INC. (Energizer) at all times relevant hereto, ha transacted business in the State of Ohio.

6. Defendant, ENERGIZER AUTO BRANDS, INC.(Energizer) is a Delaware Corporation and at all times material hereto has transacted business in the State of Ohio.. 7. Defendant, Energizer and its predecessor The Armor All/STP Products Company has at all times material hereto conducted business in the state of Ohio.

8. On information and belief, Defendant MEIJER, INC. is a Michigan Corporation and at all times material hereto has transacted business in the State of Ohio.

9. On information and belief, Defendant MEIJERS, INC. is a Michigan corporation and at all times material hereto has transacted business in the State of Ohio.

10. On information and belief, Defendant MEIJER STORES is a Michigan Limited Part-nership and at all material times hereto has transacted business in the State of Ohio.

11. On information and belief MEIJER GROUP, INC. is a Michigan corporation and upon Plaintiff's information and belief is the sole general partner of MEIJER STORES, and at all material times has transacted business in the State of Ohio.

12. On information and belief MEIJER DISTRIBUTION, INC. is a Michigan corporation and has transacted business in the State of Ohio.

13. At all times relevant hereto Defendants listed in paragraph nine through thirteen (hereinafter Meijer) have a principal place of business located at 7240 Central Avenue, Toledo, Ohio.

14. At all times relevant herein, Defendant Lifeworks, Defendant Energizer, Defendant Meijer and Defendants John Doe 1-20 (hereinafter collectively "Defendants"), and/or one or both of their predecessor(s), successor(s), agent(s), assign(s), subsidiary entity(ies), par-ent entity(ies) regularly transacted substantial business within, held real property, personal property, offices, .and employees within, and/or had substantial business contacts within the State of Ohio, including, without limitation owning and operating a retail store    providing or selling its products and services in the City of Toledo, Lucas County, Ohio.

15.Plaintiff avers that at all times relevant herein, Defendants John Does 1 through 20 were legal entities who are/were organized and existing under the laws of Ohio, Connecticut, Delaware, Michigan, Missouri, New York, and/or some other state. The exact names and addresses of John

Does 1 through 20 are currently unknown and could not be discovered with reasonable and due diligence prior to the filing of this Complaint. Plaintiff will seek leave to amend this Complaint to specifically identify the exact names and addresses of John Does 1 through 20 once their exact names and addresses are identified.

16.     At all times relevant herein, Defendant Lifeworks, Defendant Energizer, Defendant Meijer and Defendants John Doe 1-20 (hereinafter collectively "Defendants"), and/or one or were persons (as that term is defined in O.R.C. §2307. 71 (A)(1 0)) conducting business within the United States and the State of Ohio both of their predecessor(s), successor(s), agent(s), assign(s), subsidiary entity(ies), parent entity(ies) regularly transacted substantial business within, held real property, personal property, offices, .and employees within, and/or had substantial business contacts within the State of Ohio, including, without limitation owning and operating a retail store providing or selling its products and services in the City of Toledo, Lucas County, Ohio.

17. Plaintiff believes and therefore avers that at all times relevant herein, Defendants were persons (as that term is defined in O.R.C. §2307. 71 (A)(1 0)) conducting business within the United States and the State of Ohio.

18. Plaintiff believes and therefore avers that Defendants designed, researched, formulated, tested, inspected, manufactured, produced, created, made, constructed, assembled, equipped, prepared, packaged, labeled, supplied, distributed, marketed and/or sold under the Armor All brand name, 12V Heated Blanket(s) (UPC-81235014113).

19. Upon information and belief, Defendants were manufacturers (as that term is defined in O.R.C. §2307.71(A)(9) and/or pursuant to O.R.C. §2307.78 (B)) or were suppliers (as that term is defined in

O.R.C. §2307. 71 (A)(l5) of the Armor All 12V Heated Blanket(s) (UPC-81235014113) and its related parts and components qualifies as a "product" as that term is defined in O.R.C. §2307.71.

20. Upon information and belief, Defendants marketed, advertised, shipped, supplied and/or sold the Armor All brand name, 12V Heated Blanket(s) (UPC-81235014113) in the ordinary course of business and commerce and placed the Armor All brand name, 12V parent entity(ies) regularly transacted substantial business within, held real property, personal property, offices, .and employees within, and/or had substantial business contacts within the State of Ohio, including, without n owning and operating a retail store providing or selling its products and services in the City of Toledo, Lucas County, Ohio Heated Blanket(s) (UPC-81235014113)ENERING into the stream of commerce in Ohio by or through their employees, agents, servants or representatives in Defendant Meijer stores only.[1]

21. Upon information and belief Defendant Energizer Holdings successfully completed the purchase of the Global Auto Care business from Spectrum Brands on January 28,2019. Armor All was among the brands purchased.[2]

22. Upon information and belief Defendant Energizer Holdings successfully completed the purchase of the Global Auto Care business from Spectrum Brands on January 28,2019. Armor All was among the brands purchased.[3]

---

[1] 1 Meijer recall posting dated 12/14/2018
https://community.meijer.com/meijer/b/recalls/posts/101971-armor-all-heated-items-
[2] Energizer Web site-https://www.energizerhold-
ings.com/brands#:~:text=Our%20Auto%20Care%20Brands&text=On%20Janu-
ary%202%2C%202019%2C%20Energizer,%C2%AE%20brands%20to%20Energizer%20Holdings!
[3] Energizer Web site-

23. Upon information and belief, Armor All is a tradename of Energizer Auto Inc.  The Armor All wordmark and logo are trademarks and are used by Defendant Lifeworks under license.[4]

### FIRST CAUSE OF ACTION
### Strict Liability
### (Manufacturer)

24. Plaintiff incorporates by reference the allegations contained in all other Causes of Action as if fully rewritten herein.

25. On or about November 23, 2018, Plaintiff Claudia Vercellotti, purchased the Armor All brand name,12V Heated Blanket(s), (UPC-81235014113) from one or more of the Defendants in brand-new condition in and sealed box from Defendants' store in Toledo, Lucas County, Ohio. See attached receipt for purchase, marked herein as Exhibit A.

26. Defendants, by and through its employee, agent, or representative, informed Plain-tiff by way of Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113) pack-aging and instructions advised Plaintiff that the blanket "Plugs into socket and heats up for warmth while driving"[5] and to "plug directly into 12-volt socket or cigarette lighter socket."and "Blanket Automatically maintains approximately 120F".7 Exhibit B warmth while driving" 8 and  to "plug directly into 12-volt socket or cigarette lighter socket."ii9and "Blanket Automatically maintains approximately 120F".Exhibit B

---

https://www.energizerholdings.com/brands#:~:text=Our%20Auto%20Care%20Brands&text=On%20Janu-ary%202%2C%202019%2C%20Energizer,%C2%AE%20brands%20to%20Energizer%20Holdings!
https://www.energizerholdings.com/brands
4

27. On or about December 4,2018, Plaintiff was using her newly purchased Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113 in accordance and compliance with the instructions and warnings provided by Defendants.

28. As Plaintiff was using the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113) in her 2011Toyota Highlander automobile, suddenly, and without warning she felt as if she was asphyxiating. And her eyes filled with smoke. Plaintiff suffers from anosmia (no sense of smell). She was not immediately aware that for no apparent reason "the blanket" caught fire and was engulfing the car and Plaintiff. The smoke and fire, burned and singing her fingers, irritating her eyes such that she could not open them as they filled with smoke. Plaintiff who has suffered two serious fires, went into panic mode before she realized what was going on.in her car. The fire caused substantial damage to the Plaintiff's entire car. Despite repairs it is not back to the way it was. People do not ride with her as the odor-is that bad!! The Plaintiff , Claudia Vercolletti has suffered severe anxiety and PTSD symptoms as a result of being trapped in the car in flames and smoke which has taken her back to a fire she has worked hard move forward from, necessitating therapy. The fire  destroyed both the blanket and cord before Plaintiff was able to do anything or exit the card, See attached photographs, marked herein as Exhibit C.

29.      As a direct and proximate result of Defendant's manufacture, design, marketing, installation, sale, and distribution of a defectively designed heated blanket and its accompanying components, Plaintiff suffered monetary damages by the loss of the blankets, repairs necessitated for damage caused to the inside of Plaintiff's auto including but not limited to upholstery, carpet, walls,

door/trim and flooring as well as extensive therapy resulting from shock, dysfunction, mental anguish, anxiety and post-traumatic stress.

30.    Plaintiff believes and therefore avers that the Armor All brand name,12V Heated Blanket(s), (UPC-81235014113 was defective:

(a)    in manufacture or construction as described in O.R.C. §2307.74;

(b)    in design or formulation as described in O.R.C. §2307.75 either:

(i)    because the foreseeable risks associated with its design exceeded the benefits associated with that design; or

(ii)    because it was more dangerous than an ordinary consumer/user would expect when used in an intended and reasonably foreseeable manner.

(c)    due to inadequate warning or instruction as described in O.R.C.§2307.76 (A)(1) and/or

(d)    in failing to conform to representations made by Defendants as de-scribed in O.R.C § 2307.77.

31.    Plaintiff believes and therefore avers that said defect(s) existed at the time the Armor All brand name,12V Heated stream of commerce by Defendants and at the time it was purchased by Plaintiff.

32. On or about December 6, 2018, Plaintiff Claudia Vercellotti, purchased an additional three Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113)  as Defendants had not removed them from their shelves notwithstanding the Plaintiff advising all Defendants within 24 hours of the fire and defect. Exhibit D

33. On or about December 6, 2018, Plaintiff Claudia Vercellotti, contacting the National Highway Traffic Safety Administration and advised them of the fire and defect urging they put a recall in place. recalled.

34. Plaintiff further believes and therefore avers that the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113), was also defective due to inadequate postmarket-ing warning or instruction as described in O.R.C. §2307.76 (A)(2).

35. As a result of the aforesaid defective condition(s) of the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113), Plaintiff, Claudia Vercellotti has suffered significant real and personal property damages and associated expenses, some of which have not been ascertained at this time.

36. Plaintiff further believes and therefore avers that her damages as stated herein are the result of misconduct on the part of Defendants that manifested a flagrant disregard for Plaintiff Claudia Vercellotti's  personal safety and the safety of other persons who might be harmed by the dangerously flammable Armor All brand name, 12V Heated Blanket(s),

(UPC-81235014113), blanket, thereby justifying the imposition of punitive damages.

<u>S ECOND CAUSE OF ACTION</u>
Stict Liability
(Supplier)

37. Plaintiff incorporates by reference the allegations contained in all other Causes of Action as if fully rewritten herein.

38. Plaintiff believes and therefore avers that if and to the extent one or more Defendants are deemed not to be "manufacturers" of the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113), then they are "suppliers" of the Armor All brand name, 12V Heated Blanket(s), (UPC-812350141) Both "buckets" mandate that the 12V Heated Blanket(s), (UPC-81235014113), when it leaves any of the Defendants hands into the marketplace the product provided must conform to the representations given by the Defendants. including but not limited to:

   a)   a representation that it was designed to be safe for its intended use, including the use to which it was used by Plaintiff.

   b)   a representation that it did not require any assembly.

   c)   a representation that all necessary components (safety or otherwise) were included.

   d)   a representation that it had a Hi/Low heating option.

   e)   a representation that all it had an indicator light.

   f)   a representation that it automatically maintained a t temperature of 120°.

   g)   a representation that it was properly and safely researched, developed and manufactured, including that good manufacturing practices (GMP) were utilized.

   h)   a representation that it was free of manufacturing or design defects; and/or a representation that it was safe for consumer use.

41.   Plaintiff further believe and therefore aver that Defendant Supplier(s) were-negligent in the distribution, supplying and/or selling of the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113), Such negligence includes, without limitation, those a actions and inactions set forth in the Seventeenth Cause of Action herein.

41.    Plaintiff further believe and therefore aver that Defendant Supplier(s) were-negligent in the distribution, supplying and/or selling of the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113), Such negligence includes, without limitation, those a actions and inactions set forth in the Seventeenth Cause of Action herein.

42.    As a direct and proximate result of the negligence of Defendant Supplier( s) as alleged herein, Plaintiff sustained damages as alleged and set forth in the First Cause of Action for which Defendant Supplier(s) are liable pursuant to O,R.C. §2307.78{A}{l}.·

43.    Plaintiff believes and therefore avers that her damages as stated herein are the result of misconduct on the part of the Defendant Supplier(s) that manifested a flagrant disregard for Plaintiff Claudia Vercellotti's safety and the safety of other persons which might be harmed by the Armor All brand name, 12V Heated Blanket(s),(UPC-81235014113), thereby justifying the imposition of punitive damages.

44.    As a direct and proximate result of the negligence of Defendant Supplier( s) as Plaintiffs further believe and therefore aver that Defendant Supplier(s) were negligent in the distribution, supplying and/or selling of the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113), Such negligence includes, without limitation, those actions and inactions set forth in the Seventeenth Cause of Action herein.

### THIRD CAUSE OF ACTION
Supplier Liable as Manufacturer

45.    Plaintiff incorporates by reference the allegations contained in all other Causes of Action as if fully rewritten her.

46.     Plaintiff believes and therefore avers that Defendants, by and through its employees, agents or representatives, made false and material misrepresentations to Plaintiff and to other purchasers of the Armor All brand name, 12V Heated Blanket(s),(UPC-81235014113, including, but not limited to, those representations set forth in the Second and Fourth Causes of Action.

47.     Defendants failed to exercise reasonable care in making these representations to Plaintiff and other purchasers of the Armor All brand namely, 12V Heated B Blankets(s) (UPC-81235014113);

48.     Plaintiff believes and therefore avers that if and to the extent one or more of the Defendants are determined to be suppliers of the Armor All brand name, 12V Heated Blanket(s),(UPC-81235014113), then pursuant to O.R.C. §2307.78(B), they are also liable for Plaintiffs damages as alleged and set forth in the First Cause of Action as if they were the manufacturer of the Armor All brand name, 12V Heated Blanket(s),(UPC-81235014113)TL for one or more of the following reasons:

(a)     because said Defendant(s) is owned or, when it supplied the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113), was owned, in whole or part, by the manufacturer(s) of the Armor All brand name, 12V Heated Blanket(s),(UPC-81235014113);or

(b)     because said Defendant(s}owns or, when it supplied the Armor All brand name, 12V Blanket(s), (UPC-81235014113, owned, in whole or part, by the manufacturer(s) of the ; or

(c)     for any other reason listed in O.R.C. §2307.78(B) that the evidence may establish.

49. Plaintiff believes and therefore avers that her damages as stated herein are the result of misconduct on the part of the said Defendant(s) that manifested a flagrant dis-regard for Plaintiff Claudia Vercellotti's safety and for the safety of other persons who might be harmed by the Armor All brand name, 12V Heated Blanket(s),(UPC-8123501411), thereby justifying-the imposition of punitive damages.

<u>FOURTH CAUSE OF ACTION</u>
Breach of Warranty

50.     Plaintiffs incorporate by reference the allegations contained in all other Causes of Action as if fully rewritten herein.

51.     As the manufacturer, seller and/or supplier of the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113, the Defendants expressly and impliedly war-ranted and/or represented to Plaintiff , the intended consumer and/or user of the All brand name, 12V Heated Blanket(s), (UPC-81235014113TL),

(a)     the representations set forth in the Second Cause of Action;

(b)     that the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113TL) was of good and merchantable quality. And

(c)    that the Armor All brand name, 12V Heated Blanket(s),(UPC-81235014113TL) was

fit and safe for its ordinary, intended use, including the use to which it was used in,

for and by Plaintiff Claudia Vercellotti.

52.    The defects in the Armor All brand name, 12V Heated Blanket(s),(UPC-81235014113TL) as alleged in this lawsuit, existed while the , 12V Heated Blanket(s),(UPC--81235014113TL) was under the direction and/or control of the Defendants, such that the Defendants expressly and impliedly warranted and/or represented to Plaintiff , the intended consumer and/or user of the All brand name, 12V Heated Blanket(s),(UPC-81235014113TL) did not conform to these warranties and/or representations.53. Said defects amounted to a breach of the implied warranties of merchantability and of fitness for a particular purpose and a breach of Defendants express warranties and/or representations alleged herein.

53.    As a direct and proximate result of the aforesaid breach(s) and the conduct of the Defendants as alleged herein, Plaintiff has sustained damages as alleged and set forth in the First Cause of Action, for which Defendants are liable.

FIFTH CAUSE OF ACTION
Common Law Negligence

55.    Plaintiff incorporates by reference the allegations contained in all her other Causes of Action as if fully rewritten herein.

56. Defendants owe Plaintiff and others similarly situated purchasers or users of the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113) , a minimum, a duty to, among other things:

(a)use due care in Defendants design, research, testing, manufacture, marketing, warning, instruction, distribution, supply and/or sale of the Armor All brand name 12V Heated Blanket(s), (UPC-81235014113).B

(b)avoid the design, manufacture, distribution and/or sale of defective or unreasonably unsafe products.

(c)    avoid distributing dangerous products without adequate warning or instruction.

and/or

(d)    to use due care in providing or issuing appropriate post-marketing/post-sale arnings, instructions ·and recalls.

57. Defendants breached that duty by, among other things:

(a )  negligently researching, designing, formulating, testing, equipping, distributing, warning, instructing, assembling. creating,· inspecting, manufacturing, marketing, advertising, supplying and/or selling of the Armor All brand name, 12V Heated Blanket(s),(UPC-81235014113)

(b)   negligently disregarding known and/or foreseeable risks of the of the Armor All brand name, 12V Heated Blanket(s),(UPC-81235014113) and/or failing to take steps to reduce, eliminate; or warn of those risks and hazards associated with its use;

(c)   negligently failing to ensure that the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113)TL) met the requirements for its use by Plaintiff and other

similarly situated of the Armor All brand name,12V Heated Blanket(s)UPC-81235014113), purchasers and users

(d) negligently failing to conduct appropriate or adequate after-market/after-sale research, recalls, warnings and/or instructions regarding the Armor All brand name,12V Heated Blanket(s), (UPC-81235014113)

(e) failing to recall and/or modify the All brand name, 12V Heated Blanket(s), (UPC-81235014113);

( f) negligently making the representations or omissions set forth in the Second and Fourth Causes of Action; and/or

(g) otherwise failing to use due care under the circumstances.

58. As a direct and proximate result of the negligence of Defendants as alleged herein, Plaintiff sustained damages as alleged and set forth in the First Cause, of Action, for which Defendants are liable.

59. Plaintiff believes and therefore avers that his damages as stated herein are the result of misconduct on the part of the Defendants that manifested a flagrant disregard for Plaintiff's safety and the safety of other persons who might be harmed by the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113), thereby justifying the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
### Negligent Misrepresentation

60. Plaintiff incorporates by reference the allegations contained in all her other Causes of Action as if fully rewritten herein.

61. Plaintiff believes and therefore avers that Defendants, by and through its employees, agents or representatives, made false and material misrepresentations. to Plaintiff and to other purchasers of the Armor All brand 12V- Heated Blanket(s),(UPC-81235014113), including, but not limited to, those representations set forth in the Second and Fourth Causes of Action.

62. Defendants failed to exercise reasonable care in making these representations.

63. Plaintiff and other purchasers of the Armor All brand 12V Heated Blanket(s),reasonably and justifiably relied on Defendant(s) representations.
As a direct and proximate result Defendant's misrepresentations and Plaintiff Claudia Vercolletti' reliance on them, Plaintiff sustained damage as alleged and set forth in the first cause of actions, for which Defendants are liable.

## SEVENTH CAUSE OF ACTION
### Ohio Consumer Sales Practices Act

64. Plaintiff incorporates by reference the allegations contained in all her other Causes of Action as if fully rewritten herein.

65.  At all times relevant herein, Plaintiff was a consumer as defined in O.R.C.

§1345.0l(D).

66.  At all times relevant herein, Defendants were suppliers as defined in O.R.C.

§1345.0l(C).

67.  At all times relevant herein, the transaction between Defendants and Plaintiff

(namely the sale of the Heating Blanket, Armor All brand namely, 12V Heated

Blankets(s) (UPC-81235014113); consume transaction as defined in O.R.C.

§1345.0l(A).

68.  Defendants committed unfair or deceptive acts or practices in violation of the

Ohio Consumer Sales Practices Act (OCSPA) by, among other things, making

representations set forth in the Second and Fourth Causes of Action

69.  Defendants committed unconscionable acts or practices in violation of the OCSPA

by, among other things, knowingly taking advantage of Plaintiff 's inability to

reasonably protect her interest interests by determining the safety of the Defendants

blanket.

70.  Defendants committed unconscionable acts or practices in violation of the

OCSPA by, among other things, knowingly taking advantage of Plaintiff 's

inability to reasonably protect her interest interests by determining the safety of the

Defendants blanket.

71.   Defendants committed unconscionable acts or practices in violation of the OCSPA by, among other things, leading the Plaintiff to believe it was manufactured by Armor All.

72.   Defendants committed unconscionable acts or practices in violation of the OCSPA by, among other things, leading the Plaintiff to believe the blanker had two heat settings.

73.   Defendants committed \unconscionable acts or practices in violation of the OCSPA by knowing that Plaintiff would not receive a substantial benefit from the Armor All brand namely, 12V Heated B Blankets(s) (UPC-81235014113);

74.   As a direct and proximate· result of Defendants' unfair, deceptive and/or unconscionable acts or practices, Plaintiff sustained the damages as alleged and set forth in the First Cause of Action, for which Defendants are liable.

75..   Plaintiff believes and therefore avers that Defendants knowingly committed the aforesaid unfair, deceptive and/or unconscionable acts or practices thereby entitling Plaintiff to an award of their attorney fees.

76...Defendants owes Plaintiff and other similarly situated purchasers of users of the Armor All brand name, 12V Heated Blanket(s), (UPC-81235014113) , at a minimum, a duty to, among other things: transaction as defined in O.R.C §1345.0l(A)…

77. information and belief, Defendants' violations alleged herein were acts or practices declared to be deceptive or unconscionable by a court of this state or by rule adopted under the OCSPA, such that Defendants had actual or constructive notice of said rule or court decision, thereby entitling Plaintiffs to treble damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of $25,000.00 plus punitive damages in an amount in excess of $25,000.00 and reasonable attorney fees; plus treble damages under the Seventh Cause of Action; together with costs of this action, prejudgment interest and any other and further relief this Court deems just and equitable.

Respectfully submitted,

Linda N. Mansour (0033929)
2909 West Central Avenue
Suite 200
Toledo, Ohio 43606

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

Linda N. Mansour (0033929)
Attorney for Plaintiff.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

Now comes the Plaintiff, by and through counsel, and pursuant to Rules 33 and 34 of the Ohio Rules of Civil Procedure, and the rules of this Court, requests that the Defendant herein respond to the following discovery requests within 28 days from service hereof.

INTERROGATORY NO. 1          Please state whether you are insured by a policy of insurance which provides coverage for the subject of this lawsuit.

ANSWER:

INTERROGATORY NO. 2          If your answer to Interrogatory No. 1 is in the affirmative, please indicate the amount of insurance of said f said policy.
ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1          If your answer to Interrogatory No. 1 is in the affirmative, please provide a complete and certified copy of the policy of insurance including the Declaration Sheet.
RESPONSE:

Linda N. Mansour (0033929)
2909 West Central Avenue
Suite 200
Toledo, Ohio  43606
(419) 535-7100
FAX:  (419) 535-8739
Attorney for Plaintiff.